In the Matter of GERARD W. TWOMBLY et al., Respondents, v JOHN HALL et al., Appellants.—In a proceeding, *inter alia,* to validate designating petitions and a Certificate of Substitution designating petitioners Rita Greenstein and Samuel Lasky as candidates in the Democratic Party primary election to be held on September 11, 1979 for the party position of member of the County Committee in the 57th Election District, 10th Assembly District, the appeal is from a judgment of the Supreme Court, Nassau County, dated August 17, 1979, which granted the application to the extent of directing the Board of Elections to place the name of Samuel Lasky on the ballot. Judgment reversed, on the law, without costs or disbursements, and petition dismissed. Petitions were timely filed with the Board of Elections designating Hannah F. Elias and Alice L. Colton for the position of member of the County Committee of the Democratic Party from the 57th Election District of the 10th Assembly District. Thereafter, Elias and Colton duly declined said designation. The petitions designating Elias and Colton also designated a committee on vacancies consisting of Gerard Twombly, Geraldine McNeece and Edward H. Colton. On August 3, 1979 Gerard Twombly and Geraldine McNeece filed a certificate of substitution pursuant to section 6-148 of the Election Law designating Rita Greenstein and Samuel Lasky for the position. Although the certificate was properly notarized, the accompanying affidavit was not notarized. On that ground, the Board of Elections held the designating petitions for the aforesaid position to be insufficient as not in accordance with section 6-148 of the Election Law. Rita Greenstein and Gerard W. Twombly then instituted this proceeding, *inter alia,* to validate the certificate of substitution. However, in an affidavit dated August 10, 1979, Rita Greenstein withdrew her name as a candidate for the office of member of the county committee and, *inter alia,* declared "null and void" the petition which instituted this proceeding. As a result, Gerard W. Twombly became the only petitioner herein and, as such, lacked the standing necessary to maintain this proceeding. Subdivision 1 of section 16-102 of the Election Law specifically enumerates those who may institute a proceeding to contest the nomination or designation of any candidate for public office. The petitioner must be "any aggrieved candidate * * * the chairman of any party committee or * * * a person who shall have filed objections". Gerard W. Twombly does not fit within any of these categories and his petition must therefore be dismissed. Lazer, J. P., Mangano, Gulotta, Margett and Martuscello, JJ., concur.