■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE WILSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered December 17, 1979, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence. On January 24, 1983, this court remitted the case to Criminal Term to hear and report on defendant's motion to withdraw his plea, with new counsel to be appointed to represent the defendant, and the appeal has been held in abeyance in the interim (*People v Wilson,* 91 AD2d 1052). The proceedings before Criminal Term (Coffinas, J.) have been concluded and we are in receipt of the minutes thereof. Judgment affirmed. Following entry of defendant's guilty plea, he sought to withdraw it and, prior to the imposition of sentence, a hearing was held at which defendant was represented by the same attorney who had represented him at the plea. The motion was denied. On appeal, defendant's only argument was that he was entitled to a new hearing on his motion since, "on his original application he did not receive effective representation due to a direct conflict between his interests and those of his attorney". When defendant appeared at Criminal Term pursuant to our remittal, he was represented by new counsel who indicated that he had extensive correspondence with defendant concerning the risks involved in withdrawing the plea and going to trial on the indictment, that he had discussed with defendant the evidence the People had against him, that he had had extensive discussions with defendant's mother (who was present in the courtroom) and that defendant wished to withdraw his motion. Defendant acknowledged that he understood and agreed with his attorney. Accordingly, we affirm the judgment. Bracken, J. P., Brown, Niehoff and Rubin, JJ., concur.

## (June 21, 1983)

■ ANNA KRAMM, Appellant, v MARTIN RICHARDS et al., Respondents, and GEORGE ONORATO, Respondent-Respondent. — In a proceeding, *inter alia,* to validate the independent nominating petition of Vinicio Donato as candidate of the Queens Independent Party for the public office of State Senator, 14th Senatorial District, in the special election to be held on June 28, 1983, petitioner appeals from a judgment of the Supreme Court, Queens County (Buschmann, J.), dated June 20, 1983, which granted respondent Onorato's motion to dismiss the proceeding insofar as it was to validate Vinicio Donato's petition. Judgment affirmed, without costs or disbursements. This proceeding, insofar as it was to validate the independent nominating petition of Vinicio Donato, was properly dismissed by Special Term. Petitioner Kramm lacked the standing necessary to maintain this validation proceeding (Election Law, § 16-102, subd 1; *Matter of Twombly v Hall,* 71 AD2d 939; cf. *Matter of Williams v Vaughn,* 51 NY2d 725). The absence of standing may not be cured by the fact that the candidate Donato was himself before the court as a named respondent in a related invalidation proceeding, in which his offer of proof to validate his petition was properly rejected (*Matter of Suarez v Sadowski,* 48 NY2d 620). (A notice of appeal has been filed by Donato in that proceeding [*Matter of Bruno v Donato* (index No. 9090/83)] but the appeal has not been properly perfected.) Gibbons, J. P., Thompson, Niehoff and Rubin, JJ., concur.